IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESERT OUTDOOR ADVERTISING, INC., | No. C 03-01078 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| CITY OF OAKLAND, | |
| Defendant. | |

Defendant has filed a motion for sanctions. Pursuant to Civil Local Rule 7-1(b), the Court has found this matter appropriate for resolution without oral argument. Having considered the papers submitted, and for good cause shown, defendant's motion is DENIED.

**BACKGROUND**

**1.    Procedural History in Federal Court**

This case arises from a dispute between plaintiff Desert Outdoor Advertising, Inc. ("Desert Outdoor") and defendant City of Oakland ("the City") over the City's ordinances regulating outdoor advertising. Plaintiff brought suit in this Court[1] in 2003, alleging that Oakland's municipal and planning codes unconstitutionally impaired its free speech rights. At issue in that case was a fifty-foot sign plaintiff had erected at 3350 East 9th Street, in Oakland ("the 9th Street sign"), as well as the company's

---

[1] This case was originally before the Honorable Martin J. Jenkins. It was transferred to the undersigned judge after Judge Jenkins retired in April of 2008.

efforts to procure permits for similar signs on several other parcels of land. Court decided the parties' cross-motions for summary judgment on April 21, 2004. *See* Order Granting in Part Def.'s and Pl.'s Mot. for Summ. J. ("April 2004 Order"). [Docket No. 41]

In his April 2004 Order, Judge Jenkins considered several provisions of the Oakland Municipal Code ("OMC") and the Oakland Planning Code ("OPC").[2] The Court held (1) that OMC § 14.04.270 (referred to in this litigation as "Section 1501") is facially constitutional and constitutional as applied to Desert Outdoor,[3] and (2) that OPC § 17.134.020(A)(2)(b)(ii) ("conditional use") and OPC § 17.104.040 ("design review") were unconstitutional and unseverable. *See* April 2004 Order, at *11, *21, *18-20. Judge Jenkins did not determine how his findings about the conditional use and design review provisions affected the rest of the OPC. In his discussion of the OMC, however, he denied Desert Outdoor's motion to invalidate the entire statutory scheme: "Plaintiff's Motion for Summary Judgment seeks wholesale invalidation of the Oakland sign scheme. However, as discussed throughout this Order, the Court does not find this relief appropriate because the unconstitutional content-based provision [of the OMC] is severable from the remainder of the statute. As such, the Court does not grant Plaintiff's Motion for Summary Judgment." April 2004 Order, at *16 n.11.

The Ninth Circuit affirmed Judge Jenkins' decision regarding Section 1501, holding that the statute is constitutional both on its face and as applied to Desert Outdoor. *See Desert Outdoor Adver., Inc. v. City of Oakland*, 506 F.3d 798, 804-05 (9th Cir. 2007). The parties did not appeal the portion of the decision regarding the conditional use and design review provisions of the OPC.

**2.     Procedural History in State Court**

The City initiated an action against Desert Outdoor in Alameda County Superior Court on March 25, 2004, seeking, *inter alia*, injunctive relief for public nuisance. *See* Decl. of Jeff Herson in Supp. of

---

[2] It appears that the OPC is Title 17 of the OMC. *See* http://www.oaklandnet.com/ government/ceda/revised/planningzoning/zoningsection/PlanningCode.html, last accessed April 2, 2009.

[3] The Court also found that one provision of the OMC that related to signs that displayed the time or temperature was an unconstitutional content-based restriction. The Court concluded, however, that the time/temperature provision was severable and expressly held that this unconstitutional provision did not affect the remainder of the statute. *See* Order, at *16 & n.11.

Pl. Mot., Ex. I (Superior Court Complaint). [Docket No. 78] The City alleged that the 9th Street sign was a nuisance per se because it violated Section 1501. *Id.* ¶ 33. Pursuant to its public nuisance claim, the City sought injunctive relief ordering Desert Outdoor to remove the 9th Street sign or authorizing the City to remove it and charge Desert Outdoor for the cost of removal. *Id.* The court granted summary judgment to the City on the issue of public nuisance, finding that the 9th Street sign was a public nuisance because it violated Section 1501.[4] *See* Decl. of Christopher Kee in Supp. of Def's Opp. ("Kee Decl."), Ex. 5, at *3 (*City of Oakland v. Jurich*, No. RG 03-132111, Oct. 5 2005). [Docket No. 84] Accordingly, the court ordered Desert Outdoor to remove its sign. *Id.*

Desert Outdoor did not remove the 9th Street sign. Instead, the company altered the billboard to permit multiple advertising messages for Cingular, River Rock Casino, Oaks Card Club, and Toyota of Alameda to be displayed sequentially. Kee Decl., Ex. 4, *2 & n.2 (*City of Oakland v. Jurich*, 2008 WL 5049903, Nos. A 11780 & A120152, Nov. 25, 2008). The City obtained a modified injunction from the Superior Court on May 1, 2007 that allowed the City to remove the 9th Street sign at Desert Outdoor's expense. *See* Kee Decl., Ex. 6.

On September 25, 2007, the Superior Court issued a decision on the City's third cause of action for unfair business practices. Herson Decl., Ex. M (*City of Oakland v. Jurich*, No. RG 03-132111, Sept. 25, 2007, "Statement of Decision"). The court found that Desert Outdoor had engaged in unlawful business practices by constructing and maintaining the billboard in violation of Section 1501. *Id.* at *4. The City was awarded $114,000 in statutory penalties, $263,000 in disgorgement of profits, and attorneys' fees and costs. *Id.* at Exs. M, N. Desert Outdoor appealed to the California Court of Appeal. On November 25, 2008, the appellate court affirmed the Superior Court's May 1 modification order and subsequent judgment. *See* Kee Decl., Ex. 4.

### 3. The Instant Motion

On December 18, 2008, Desert Outdoor filed an "emergency" motion in this Court seeking relief

---

[4] The court also found that, pursuant to this Court's April 20, 2004 Order, Desert Outdoor was collaterally estopped from relitigating the constitutionality of the applicable provisions of the City's regulatory scheme. *Id.* at *3.

3

pursuant to 28 U.S.C. § 2202. Desert Outdoor claimed that the judgment that the City obtained in Superior Court was based on enforcement of a "regulatory scheme that this Court declared portions of to be unconstitutional" and requested that this Court enjoin the City from enforcing the judgment. *See* Pl. Emergency Mot. for an Order ("Emergency Motion"), at *1. [Docket No. 77] Desert Outdoor also requested that this Court order the City (1) not to remove the 9th Street sign; (2) to show cause as to why it should not be required to return all monies received as a result of its Superior Court judgment, with interest, and reimburse Desert Outdoor for attorneys' fees incurred in defending the superior court and related administrative actions; (3) to show cause as to why it should not be ordered to reimburse Desert Outdoor for lost profits and attorneys' fees incurred in filing the instant motion; (4) to disgorge all damages already recovered against Desert Outdoor; (5) to show cause as to why it should not be liable for damages for its failure to allow Desert Outdoor the right to erect signs on Seventh and Eighth streets in Oakland; and (6) issue a stay to prevent the City from conducting a debtor's exam in Nevada on January 15, 2009. *Id.* at *14. This Court denied Desert Outdoor's motion on February 21, 2009. [Docket No. 91]

Now before the Court is the City's motion for an order imposing sanctions on Desert Outdoor under Federal Rule of Civil Procedure 11 for filing its "emergency" motion on December 18.

**LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, Rule 11 sanctions may be imposed against an attorney, law firm, or party when a pleading is filed for an improper purpose such as harassment or delay; when the claims, defenses or contentions are unwarranted under the either the existing law; or when the allegations or factual contentions are without evidentiary support and unlikely to have evidentiary support after further investigation and discovery. *See* Fed. R. Civ. P. 11(b)-(c). The primary purpose of Rule 11 is to deter baseless court filings, but this goal must be considered in light of the fact that, in an adversary system of litigation, the essence of the lawyer's task is to present issues of facts and law "as favorably as fairly possible" in support of the client's claim. *See United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). Therefore, judges should "impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from

4

vigorous representation of their clients." *See id.* (citing *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 341 (2d Cir. 1999)). In making a determination of whether Rule 11 sanctions should be imposed, the Court need not find that the violation was intentional. Rather, sanctions may be imposed even if a filing was made with "pure heart and empty head." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (citation omitted).

**DISCUSSION**

The question presented by Desert Outdoor's emergency motion was not difficult to resolve. Desert Outdoor sought relief from this Court pursuant to 28 U.S.C. § 2202.[5] Judge Jenkins originally concluded that Section 1501 was constitutional, and every other court to consider the question – the Ninth Circuit, the Court of Appeal, and the Superior Court – has either agreed or determined that Desert Outdoor was estopped from litigating the issue. Accordingly, this Court denied the motion, finding that 28 U.S.C. § 2202 was not applicable because the decisions of the California Court of Appeal and Alameda County Superior Court had not contravened this Court's April 2004 Order. The issue now before the Court, however, is not whether Desert Outdoor's motion presented difficult questions but whether it was so utterly devoid of merit as to warrant Rule 11 sanctions. This is an exceedingly close case. Nonetheless, the Court finds for the following reasons that sanctions are not warranted at this time.

The City argues that Desert Outdoor falsely represented in its motion that Judge Jenkins struck down the entire Oakland sign code as unconstitutional. Desert Outdoor's motion creates this impression with headings such as "The Sign Ordinance is Facially Unconstitutional and Therefore Cannot be Applied to Desert Outdoor." Emergency Motion, at *10. In its argument, however, Desert Outdoor qualifies this representation by stating – correctly – that it was provisions of the OPC that Judge Jenkins found unconstitutional and unseverable. In its arguments to the Superior Court, the Court of Appeals, and to this Court, Desert Outdoor has been exploiting a loophole in the April 2004 Order: Judge Jenkins

---

[5] Section 2202 provides that federal courts have inherent power to enforce their decrees and make orders necessary to render them effective. *See* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.").

5

concluded that provisions of the OPC were unconstitutional and unseverable but did not reach any conclusion as to what portions of the sign code must be struck down as a consequence of his decision. He also expressly denied Desert Outdoor's motion to strike down the entire statutory scheme and held that the unconstitutional provision of the OMC was severable. The Court agrees with the City that the only reasonable way to reconcile these holdings is that the unconstitutional provisions in the OPC did not affect the rest of the OMC.

Desert Outdoor sidestepped this conclusion in its motion by insisting that the City is attempting to apply the OPC (which Desert Outdoor claims is unconstitutional) to the 9th Street sign. The Court rejected this argument for several reasons, including that the provisions of the OPC that Judge Jenkins examined have now been stricken or amended and that the state court record reveals that the City is now attempting to enforce Section 1501, not the OPC provisions. The Court recognizes, however, that Desert Outdoor managed to find a hook for its argument that the City is enforcing the OPC and not just Section 1501. In the September 25, 2007 Superior Court decision on the City's claim for unfair business practices, the court noted, "On April 28 2006, the City of Oakland sent defendants a Notice to Abate and advised that they were in violation of Oakland Municipal Codes §§ 14.04.270 [Section 1501], 17.10.850, and 17.70.050(B)." Herson Decl., Ex. M at *3. The citations to sections 17.10.850 and 17.70.050(B) appear to be from Title 17 of the OMC, which is the OPC.[6] In addition, at an administrative hearing on August 21, 2008 concerning the 9th Street sign, a City employee made a statement that could be construed as suggesting that design review procedures apply to the sign.[7] Thus, the Court cannot find that Desert Outdoor's argument that the City was enforcing the OPC in the state court action was completely contrary to fact.

The Court also agrees with the City that the timing of Desert Outdoor's motion – filed just weeks

---

[6] *See infra*, n. 2.

[7] "Witness: 'Um, the mass transit language – I'm not exactly sure but it's my understanding that design review was required for this particular billboard.'" Decl. of Jeff Herson in Supp. of Pl. Reply Re: Emergency Motion, Ex. B at 28:12-13. The Court recognizes that the City attests that it rebutted that testimony at the hearing and that the City questions the accuracy of Desert Outdoor's transcript of the administrative proceeding. Decl. of Christopher Kee in Supp. of Def's Mot. for Sanctions ¶ 11. [Docket No. 93] The City has not offered its own transcript, so the Court is unable to evaluate whether Desert Outdoor's version is inaccurate.

before the company was to submit to a debtor's exam in Nevada – gives rise to an inference that Desert Outdoor intended the emergency motion as a delay tactic.  Nonetheless, the Court finds that this inference is not sufficient evidence of an improper purpose to warrant Rule 11 sanctions.

Desert Outdoor sought relief in its emergency motion by exploiting a loophole in the April 2004 Order and quoting selectively from the record.  It is difficult to imagine that Desert Outdoor could get closer to the line drawn by Rule 11 without crossing into the realm of sanctionable conduct.  On this record, however, the Court does not find that Desert Outdoor's representations and legal arguments amount to the "egregious" conduct required under Rule 11.  *See United Nat. Ins. Co.*, 242 F.3d at 1115.  Accordingly, the City's motion for Rule 11 sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: April 7, 2009

SUSAN ILLSTON
United States District Judge

7